UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────

JACKELINE R.R.[1],

                Plaintiff,

v.                                                   CASE # 19-cv-00804

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

───────────────────────────────────────────

APPEARANCES:                                      OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      BRANDI CHRISTINE.
  Counsel for Plaintiff                               SMITH, ESQ.
600 North Bailey Ave                               KENNETH R. HILLER, ESQ.
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                LAURA RIDGELL BOLTZ, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II    MICHAEL ARLEN THOMAS,
  Counsel for Defendant                            ESQ.
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.  **RELEVANT BACKGROUND**

   A.  **Factual Background**

Plaintiff was born on May 15, 1973, has less than a high school education, and does not speak, read, or understand English. (Tr. 197, 200, 202). Plaintiff's alleged disability consists of fibromyalgia, sleep apnea, back issues, depression, arthritis, neck issues and high blood pressure. (Tr. 201).

   B.  **Procedural History**

On January 14, 2016, plaintiff protectively applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act[2]. (Tr. 181). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On June 20, 2018, plaintiff appeared before the ALJ, Aaron M. Morgan. (Tr. 40-62). On August 31, 2018, ALJ Morgan issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 15-34). On April 19, 2019, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-5). Thereafter, plaintiff timely sought judicial review in this Court.

   C.  **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since January 14, 2016, the application date (20 CFR 416.971 *et seq.*).

---

[2] Plaintiff had two prior applications for Supplemental Security Income benefits. An application in October 2014 was denied at the initial level. An application in October 2010 was denied at the hearing level in December 2011. (Tr. 72).

2. The claimant has the following severe impairments: fibromyalgia; arthritis; and depression (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except:: she is limited to simple, routine, and repetitive tasks with up to three step commands and with only occasional judgment and decision making.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on May 15, 1973 and was 42 years old, which is defined as a younger individual age 18 to 49, on the date the application was filed (20 CFR 416.963).

7. The claimant is not able to communicate in English, and is considered in the same was as an individual who is illiterate in English (29 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since January 14, 2016, the date the application was filed (20 CFR 416.920(g)).

(Tr. 15-34).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ failed to properly evaluate plaintiff's lumbar spine and cervical spine conditions at Step Two. (Dkt. No. 10 at 7 [Pl.'s Mem. of Law]). Second, the ALJ failed to properly evaluate plaintiff's fibromyalgia. (Dkt. No. 10 at 10).

### B. Defendant's Arguments

In response, defendant first broadly argues objective findings and opinion evidence supported the ALJ's determination that plaintiff was not disabled. (Dkt. No. 14 at 9 [Def.'s Mem. of Law]). Defendant also responds to plaintiff's arguments, stating the RFC includes limitations from all medically determinable impairments and the ALJ reasonably considered the effects of plaintiff's fibromyalgia. (Dkt. No. 14 at 12, 13).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.      Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.     ANALYSIS

Plaintiff's arguments center on only her musculoskeletal impairments and therefore mental impairments will be excluded from the discussion below.

### A. Lumbar and Cervical Spine Impairments

Plaintiff argues the ALJ erred when he found her lumbar and cervical spine diagnoses were not severe impairments at Step Two of the sequential evaluation. (Dkt. No. 10 at 7-10). Plaintiff asserts diagnostic imaging and treatment with NSAIDs, facet joint injections and epidural injections is evidence of a severe impairment. (*Id*.). Although the Second Circuit has held that this step is limited to "screen[ing] out *de minimis* claims," *Dixon v. Shalala,* 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala,* 895 F.Supp. 50, 53 (S.D.N.Y. 1995); *see Prince v. Astrue*, 514 F. App'x 18, 20 (2d Cir. 2013).

The ALJ carefully reported on not only objective testing but also exam findings. Diagnostic imaging only revealed mild or slight issues such as the following:

> (1) January 2015 x-ray revealed no abnormalities of the low back or neck (Tr. 405-06); (2) April 2015 low back MRI showed mild disc desiccation at two levels with no evidence of stenosis (Tr. 731); (3) July 16, 2015 neck MRI showed slight anterolisthesis (misalignment of the spinal vertebrae) at C4-5, a small central disc herniation at C5-6, and a mild disc bulge with a probably minimal disc herniation (Tr. 322); (4) June 29, 2017 low back MRI displayed straightening of the normal lumbar lordosis, subtle disc desiccation at one level, mild disc desiccation with a mild bulge at another level, and mild facet arthropathy at a third level (Tr. 669); (5) June 29, 2017 neck MRI revealed straightening of the normal cervical lordosis, a mild bulge at C3-4, an annular tear at C4-5, a slight right paramedian herniation at C5-6, and a mild bulge at C6-7. (Tr. 667).

Although plaintiff repeatedly rated her pain as a nine or ten on a scale of one to ten, the medical record exhibited exam findings that were inconsistent with such severe complaints of pain.

For instance, providers who treated plaintiff for her pain complaints regularly noted she was well appearing and in no acute distress. (Tr. 521, 550, 554, 731, 736). Plaintiff's sleep specialist also consistently found she was well appearing. (Tr. 389, 408, 410, 412, 414, 416, 418, 420, 422, 424, 426, 749). Notably, at the same time plaintiff told consultative examiner Dr. Schwab that her pain level was at a ten, but in his report the doctor indicated she was in no acute distress, needed no help changing for the examination or getting on and off the exam table, and she could rise from a chair without difficulty. (Tr. 355). Providers from plaintiff's primary care practice consistently reported plaintiff had normal gait, full strength, full range of motion, normal sensation, normal muscle bulk and tone, and negative straight leg raising tests. (Tr. 554, 567, 586, 615-16, 645, 649). At University of Buffalo Neurosurgery, Spine and Wellness, plaintiff's examinations showed full strength, intact sensation, negative straight leg raising tests, and normal gait. (Tr. 329, 338, 731). Drs. Siddiqui and Schwab found plaintiff had normal gait, full range of neck and low back motion, physiologic and equal reflexes, normal sensation, and full strength. (Tr. 355-56, 402-03).

There are no statements of limitations from treating sources in the medical record and the opinions from the consultative examiners did not indicate limitations greater than those found by the ALJ. In January 2015, Dr. Siddiqui opined plaintiff had mild to moderate limitations in her ability sit, stand, climb, push, pull, and carry heavy objects. (Tr. 404). In April 2016, Dr. Schwab examined plaintiff and opined that she had no restrictions. (Tr. 357). More notably, plaintiff's treating providers encouraged her to increase her activity by exercising. (Tr. 326, 330, 333, 335, 376, 533-34, 546, 561, 581, 589, 595, 654, 734, 741).

Plaintiff did not cite any medical evidence to satisfy her burden of demonstrating she was more limited than found by the ALJ. *Poupore v.* Astrue, 566 F.3d 303, 305-06 (2d Cir. 2009) (The burden is on plaintiff to show that he cannot perform the RFC as found by the ALJ). Considering

the medical evidence including statements from medical sources, the objective findings, and treatment recommendations, plaintiff has failed to identify any medically supported limitation that the ALJ ought to have included but did not.

Further, the ALJ expressly stated that he took "into account all allegations of symptoms arising from both severe and nonsevere impairments in determining [plaintiff's RFC]". (Tr. 24). *See Reices-Colon v. Astrue*, 523 F.App'x 796, 798 (2d Cir. May 2, 2013) (where an ALJ proceeds past step two and considers the effects of all of a claimant's impairments through the remainder of the sequential evaluation process, any error at step two is harmless). In the remaining steps, ALJ Morgan discussed all of plaintiff's medical treatment and considered plaintiff's neck and low back impairments in that analysis. (Tr. 27-30). The ALJ concluded that plaintiff could perform light work, the second most restrictive category out of five. (Tr. 27). There was no error in the ALJ's analysis of severe and non-severe impairments at Step Two or in the RFC determination.

### B. Fibromyalgia Evaluation

Plaintiff next argues the ALJ failed to properly evaluate her fibromyalgia and improperly relied on the lack of objective findings to determine fibromyalgia did not cause significant functional limitations and to discount her credibility about subjective complaints. (Dkt. No. 10 at 10). As noted by plaintiff, fibromyalgia "is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR 12-2p, 2012 WL 3104869, at *2 (S.S.A. July 25, 2012). However, a fibromyalgia diagnosis does not automatically render a claimant disabled and "courts recognize that fibromyalgia is a disease that eludes objective measurement." *Campbell v. Comm'r of Soc. Sec.*, 2017 WL 9509958, at *6 (N.D.N.Y. Apr. 14, 2017), *report and recommendation adopted*,

2017 WL 2304218 (May 26, 2017) (*citing Green-Younger v. Barnhart*, 335 F.3d 99, 104, 108 (2d Cir. 2003)) (quotation marks and alterations omitted).

Plaintiff's argument that the ALJ's determination turned on the lack of objective evidence in the record to support the subjective complaints of pain is inconsistent with the analysis provided by ALJ Morgan in his decision. (Dkt. No. 10 at 11). The ALJ appropriately found plaintiff had the severe impairment of fibromyalgia which he then evaluated under Social Security Ruling (SSR) 12-2p and Listing 14.09(D) at Step Three of the sequential evaluation. (Tr. 23-25). The ALJ assessed plaintiff's RFC considering fibromyalgia and all other severe and non-severe impairments. (Tr. 27-30). *See* 20 C.F.R. § 416.945, SSR 12-2p, 2012 WL 3104869, at *5 (under SSR 12-2p, ALJs appropriately consider whether "the objective medical evidence . . . substantiate[s] the person's statements about the intensity, persistence, and functionally limiting effects of symptoms."). ALJ Morgan extensively discussed the characteristics of fibromyalgia, how it is considered by the Agency, how the underlying pain is considered, and the importance of considering the longitudinal record because symptoms are not static. (Tr. 29). In support of finding plaintiff capable of light work, the ALJ specifically recognized that fibromyalgia "is not necessarily associated with easily observed physical findings" but it would still be expected that medical sources would observe signs of pain on more than a handful of occasions to support allegations of such severe and chronic pain. (Tr. 29-30). Indeed, the medical record reveals providers consistently observed plaintiff was well appearing and/or in no acute distress. (Tr. 354-55, 389, 408, 410, 412, 414, 416, 418, 420, 422, 424, 426, 521, 550, 554, 731, 736, 749). As discussed above, objective findings on exam were also relatively normal and inconsistent with allegations of severe pain. *See Rivers v. Astrue*, 280 F. App'x 20, 22 (2d Cir. 2008) (summary

order) (the "mere diagnosis of fibromyalgia without a finding as to the severity of symptoms and limitations [did] not mandate a finding of disability").

ALJ Morgan appropriately considered statements from treating providers and consultative examiners when evaluating plaintiff's fibromyalgia and determining an RFC for light work. Consultative examiner Dr. Siddiqui opined in January 2015 that plaintiff had mild to moderate limitations in her ability sit, stand, climb, push, pull, and carry heavy objects. (Tr. 404). However, in April 2016, Dr. Schwab opined plaintiff had no restrictions. (Tr. 357). The ALJ afforded plaintiff the benefit of the doubt and concluded she was more limited in her abilities than Dr. Schwab thought (Tr. 30), but also noted that Dr. Siddiqui had suggested plaintiff could perform significant work related physical activities. (Tr. 29). Accordingly, the ALJ reasonably concluded she could still perform light work. (Tr. 27). Inconsistent with plaintiff's argument, the ALJ is responsible for assessing the RFC and there is no requirement that the ALJ's RFC finding be identical to a medical opinion. *See Matta v. Astrue*, 508 Fed App'x 53 (2d Cir. 2013) (summary order) ("Although the ALJ's conclusions may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."); *Bliss v. Comm'r of Soc. Sec.*, 406 F.App'x 541, 542 (2d Cir. 2011) ("[T]he ALJ need not involve medical sources or claimant's counsel in his deliberative process or assessment of the evidence."). An RFC is to be based on all evidence of record and not solely a medical opinion. 20 C.F.R. § 416.945(a)(3).

Under the substantial evidence standard of review, it is not enough for plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683

F.3d 443, 448 (2d Cir. 2012); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute its own judgment even if it might justifiably have reached a different result upon a *de novo* review). Plaintiff has made no such showing, and the Commissioner's decision is therefore affirmed.

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No.10) is **DENIED;** and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED.**

Dated: January 4, 2021  *J. Gregory Wehrman*
Rochester, New York  HON. J. Gregory Wehrman
United States Magistrate Judge